```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


NEIL WOODYARD, JR.,             :

      Petitioner,               :

v.                              :
                                     CIVIL ACTION 05-0705-KD-M
DONAL CAMPBELL,                 :

      Respondent.               :
```

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that the habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Donal Campbell and against Petitioner Neil Woodward, Jr. on all claims.

Petitioner was convicted of first degree rape and sexual abuse in the first and second degree in the Circuit Court of Washington County on April 22, 2003[1] for which he received a

---

[1] Petitioner states that he was convicted on June 16, 2003 (Doc. 4, p. 2); Respondent states that the conviction was on June 22, 2003 (Doc. 12, p. 1). The Alabama Court of Criminal Appeals agrees that the conviction was on June 22, 2003 (Doc. 12, Exhibit D, p. 1). However, Washington County Circuit Court records show that the trial

sentence of twenty years, ten years, and one year, respectively, to be served concurrently in the state penitentiary (Doc. 4, pp. 2-3; see Doc. 13, Exhibit A, pp. 1-2 and Tr. 1, 3, 213, 296). Appeal was made to the Alabama Court of Criminal Appeals which affirmed the conviction and sentence (Doc. 12, Exhibit D) after which the Alabama Supreme Court denied Woodyard's petition for writ of *certiorari* (Doc. 12, Exhibit H).  On December 14, 2003, the lower appellate court issued a certificate of judgment on the convictions (Doc. 12, Exhibit I).

Petitioner filed a complaint with this Court on December 8, 2005, raising the claim that his trial attorney rendered ineffective assistance of counsel (Doc. 4).  Woodyard has more specifically claimed that his trial attorney failed to:  (a) question venire members when selecting the jury; (b) pose appropriate objections during the trial; (c) cross-examine witnesses in a meaningful way; (d) investigate or present previous false allegations made by the prosecutrix; and (e) present known exculpatory evidence (Doc. 4, pp. 5-17).[2]

Respondent has answered the petition and argued that certain

---

took place on April 21-22, 2003 and Petitioner was found guilty on the second day of trial (Doc. 13, Exhibit A, p. 1 and Tr. 1, 3, and 213). The sentence was imposed on June 16, 2003 (Doc. 13, Exhibit A, p. 2 and Tr. 5, 218, and 296).

[2]Respondent has also referenced an additional particular claim—that Woodyard's trial attorney's overall performance was ineffective (Doc. 12, p. 19).  The Court has not listed this claim, however, as no specific factual assertions have been made in connection with it; rather, the Court understands it to be a general claim of ineffective assistance.

of Woodyard's claims are procedurally defaulted in this Court because they were not raised at an appropriate time and place in the State courts.  More specifically, Respondent asserts that claims b, c, d, and e are all procedurally defaulted.

Respondent has argued that claims b, c, and d are barred from this Court's consideration because they were not raised before the Alabama Supreme Court on direct appeal (Doc. 12, pp. 10, 13, 15-16, 18).  The Court notes that the U.S. Supreme Court, in *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999), held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."

The evidence demonstrates that Petitioner did not raise claims b, c, and d in the appeal from the Alabama Court of Criminal Appeals' affirmance of the conviction (*see* Doc. 12, Exhibit G, pp. 32-50).  Though Woodyard's brief alludes to these claims as having been raised in a motion for a new trial (*id.* at pp. 9-10), these claims were not raised on appeal before the Supreme Court and are, therefore, procedurally barred in this Court under *O'Sullivan*.

The Court also notes that claim e was found to be procedurally defaulted by the Alabama Court of Criminal Appeals because "this specific claim of ineffective assistance of counsel was not raised in either Woodyard's motion for a new trial or in the amendment thereto" (Doc. 12, Exhibit D, p. 6).  A United

States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), has discussed procedural default and stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983). The Court further notes the decisions of *Coleman v. Thompson*, 501 U.S. 722 (1991) and *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991), which held that a determination by a state appellate court affirming, without written opinion, a lower court's reasoned determination that a claimant is barred procedurally from raising certain claims in that state's courts satisfied the rule of *Harris*.[3] Petitioner's claim e is procedurally defaulted in this Court under *Harris*.

However, where claims raised in a federal habeas petition are procedurally defaulted, as is the case here with claims b, c, d, and e, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72,

---

[3]The Alabama Supreme Court denied Petitioner's petition for writ of *certiorari*, in summary fashion, on December 10, 2004 (Doc. 12, Exhibit H).

> 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its
> progeny, noncompliance with a state
> procedural rule generally precludes federal
> habeas corpus review of all claims as to
> which noncompliance with the procedural rule
> is an adequate ground under state law to deny
> review.  If a petitioner can demonstrate both
> cause for his noncompliance and actual
> prejudice resulting therefrom, however, a
> federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985).  A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice.  *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

   As requested by the Court (Doc. 14), Woodyard filed a response to Respondent's answer, asserting that the claims were properly raised in the Alabama Supreme Court and are not procedurally defaulted in this action (Doc. 21, pp. 1-2). However, although Petitioner's general claim of ineffective assistance of trial counsel may have been preserved, this Court has found that the particular instances of that ineffectiveness, *i.e.*, claims b, c, and d, have not been preserved as they were not specifically raised in the brief to the Alabama Supreme Court.  "Habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts." *Kelley v. Secretary for Dept. of Corrections*, 377 F.3d 1317, 1344

(11th Cir. 2004) (citing *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992)).  Claim e is specifically barred under *Harris*.

The Court finds that Petitioner has demonstrated neither cause nor prejudice for failing to raise these four claims in a timely manner in the State courts.  Furthermore, Woodyard has not shown that this Court's failure to discuss the merit of these four claims will result in a fundamental miscarriage of justice being visited upon him.  Therefore, the Court considers claims b, c, d, and e in this Court to be procedurally defaulted and the Court will not address their merit.

The Court will proceed with an examination of the one claim of ineffective assistance that is not procedurally defaulted.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment. Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

Petitioner claims that his trial attorney was ineffective in that he failed to fully question venire members when selecting the jury. Woodyard specifically asserts that the one question asked by his attorney was insufficient (Doc. 4, pp. 5-6).

Before proceeding to that question, the Court notes that the Trial Court Judge, in talking with the venire before the jury was selected, asked the following questions: if any of them had been members of the grand jury which involved this case; if they had been residents or property owners of the County for the past six months; if they were citizens of Alabama; if anyone had been indicted for or convicted of a felony within the previous twelve months; if anyone was under nineteen; if anyone was of unsound mind; if anyone was a witness in the case; if anyone had an interest in the conviction or acquittal of the Defendant; if anyone had given assurance of a conviction or acquittal; if anyone had a fixed opinion as to the Defendant's guilt or innocence; if anyone had knowledge of the facts of the case; if anyone was related to the victims, the Defendant, members of the District Attorneys' Office, or Defense Counsel; or if anyone had any reason to believe that he or she would be unable to render a fair and impartial verdict (Doc. 13, Tr. 10-18).

Following the Court's questions, the Prosecutor asked the venire the following questions: if anyone had ever been offended by anything he, the Prosecutor, had done in the past; if anyone

felt that the State had to prove more than that the Defendant was guilty, of the crimes with which he had been charged, beyond a reasonable doubt and to a moral certainty; if anyone thought that the State was sending people to prison with little or no evidence; if the burden of proof should be beyond all doubt; if anyone could not believe the testimony given by girls that were nine-to-fourteen years of age; if anyone, or a family member, had ever been falsely accused of a sexual crime; if anyone knew the Defense Counsel or had had legal work done by him; whether anyone had any religious beliefs about judging another man; if anyone thought that it was ok for a thirty-four-year-old man to have sexual intercourse with a twelve-year-old if she consented; if anyone thought that it was ok for a thirty-four-year-old man to have sexual contact with a girl who was less than twelve years old if she consented; and if anyone would expect the State to prove something not in the indictment (Doc. 13, Tr. 18-25).

    The Prosecutor then asked if any of the venire members had minor children, grandchildren, or great-grandchildren and, if they did, what was their sex and their age (*id.* at Tr. 25-33). The Prosecutor asked if anyone knew the Defendant or any members of his family; the venire members who responded affirmatively were then queried concerning their ability to render a fair and impartial verdict (*id.* at Tr. 33-37). The Prosecutor next asked if anyone had stood up before a group of people and told of a sexual encounter they had had in their life; whether anyone had

testified, as a minor, of something embarrassing or intimate; whether anyone would have difficulty believing a child who had testified of a personal circumstance though she had previously stated that nothing had happened; whether anyone had played Truth or Dare with a minor; whether anyone, as an adult, had regularly slept with a member of the opposite sex who was less than nine; whether anyone had accidently put a hickey on a person that was under twelve years old; whether anyone had videoed children nine through eleven years of age; whether anyone had been falsely accused by a minor; whether anyone had ever been charged with any crime or been the subject of any investigation relating to a minor; and whether anyone felt that they could not convict someone on the basis of the testimony of one girl (*id.* at Tr. 37-41).

After the Court's and Prosecutor's question, Woodyard's defense counsel stated the following:

> Thank you, Your Honor.  I will be brief. Ladies and gentlemen, Mr. Keahey [the Prosecutor] has been pretty thorough.  It's kind of embarrassing for me to ask it, though.  This is not intended to embarrass any of y'all.  So, if you do have a problem answering it standing up, you can talk to Judge Baxter in private about it.
> Is there anyone that you, or immediate member of your family, or close personal friend ever experienced sexual abuse?  Like I said, if you are embarrassed to stand up and say, you can talk to Judge Baxter in private about it.
> (No Response).
> That's all I have got.

9

(Doc. 13, Tr. 41-42).

Petitioner has pointed to two U.S. Supreme Court cases as support for his argument that his attorney was ineffective in limiting himself to this question (Doc. 4, p. 6). *Turner v. Murray*, 476 U.S. 28 (1986); *Gray v. Mississippi*, 481 U.S. 648 (1987). In *Turner*, the Supreme Court held that "a capital defendant accused of an interracial crime is entitled to have prospective jurors informed of the race of the victim and questioned on the issue of racial bias." *Turner*, 476 U.S. at 37. In *Turner*, the Trial Judge had denied the Defendant's request to question venire members about their racial attitudes. The Court upheld the finding of guilt, but reversed the death sentence. *Id.* In *Gray*, the Supreme Court held that the exclusion for cause of a juror, who was not irrevocably committed to vote against the death penalty in a capital prosecution case, was reversible error and not subject to harmless-error review. *Gray*, 481 U.S. 648.

The Court finds that neither of the two cases cited by Petitioner bears directly on the claim here. This is not a capital case and is not one where Petitioner's attorney was denied a request to poll the jury venire on a particular matter. The Court further notes that Woodyard has failed to assert what other questions should have been posed to the venire by his attorney (*see* Doc. 4, pp. 5-6, 12; Doc. 21); even Petitioner's briefs in the State Courts fail to offer questions for the venire

(*see* Doc. 12, Exhibit B, pp. 28-30; Exhibit G, pp. 39-49). The Court finds that Petitioner has failed to show how his trial attorney was deficient in questioning venire members when selecting the jury; the Court also finds that Woodyard has not demonstrated that he was actually prejudiced by his attorney's actions with regard to the *voir dire*. Petitioner's claim is without merit.

In summary, Petitioner has raised five particular claims of ineffective assistance of trial counsel in bringing this habeas petition. Four of those claims were found to be procedurally defaulted; the other claim was without merit. Based on the foregoing findings, it is recommended that the habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Donal Campbell and against Petitioner Neil Woodward, Jr. on all claims.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

   A party may object to a recommendation entered by a

     magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     DONE this 29th day of August, 2006.

                                              s/BERT W. MILLING, JR.
                                              UNITED STATES MAGISTRATE JUDGE